UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES KURTZEBORN,

    Plaintiff,

v.                                     CASE No. 8:20-cv-571-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high-school equivalency diploma (Tr. 37, 71), has past relevant work as a machine repairman and an insulation

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

installer (Tr. 25). He filed a claim for Social Security disability benefits, alleging that he became disabled due to "[e]xtreme back pain, neck pain, Bullet lodged in back, no strength in back, Fatigue, Arthritis, Neurological Problems, Autoimmune [disorder], Endoc[]rine disorder and Digestion problems from metals and toxins" (Tr. 77). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "cervical congenital stenosis; degenerative disc disease of the lumbar spine with moderate to severe left foraminal encroachment and narrowing at L3-L4, and with old retained bullet at L4 (20 CFR 404.1520(c)" (Tr. 19). He found that, despite these impairments, the plaintiff had the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift/carry up to 20 pounds frequently and 10 pounds occasionally; can walk/stand for 6 hours in an 8-hour workday with normal breaks; can sit for 6 hours in an 8-hour workday with normal breaks; must avoid climbing scaffolds, ropes, and more than 5-step ladders; occasionally climb lesser ladders, ramps, and stairs; occasionally stoop, kneel, crouch, and crawl; frequently balance,

handle, and reach; [and] must avoid exposure to
extreme cold, excessive vibration, and industrial
hazards.

(Tr. 22).

The law judge determined that, with those limitations, the plaintiff could not perform past relevant work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as counter attendant, cashier II and sales attendant (Tr. 26).[2] Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 27). The Appeals Council let the law judge's decision stand as the final decision of the Commissioner (Tr. 1).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

---

[2]The Decision states "Small attendant," but that is a typographical error, since the vocational expert testified that a person with the plaintiff's vocational profile could work as a "sales attendant" (Tr. 73).

... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole argument is that the law judge's "decision was in error in failing to address how long the claimant could stand and/or walk at one time" (Doc. 16, p. 5). Significantly, the plaintiff makes no argument that he has greater functional limitations than determined by the

law judge; the only contention that he articulates is that the law judge's findings were not specific enough regarding the length of time plaintiff could stand or walk. That argument fails. Furthermore, in light of the Scheduling Order and Memorandum Requirements, any other argument is forfeited (see Doc. 14, p. 2) (The plaintiff must "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and support such challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards."); see also Access Now, Inc. v. Sw. Airlines, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

The law judge found that the plaintiff could do a range of light work, including "walk/stand for 6 hours in an 8-hour workday with normal breaks" (Tr. 22). The plaintiff claims that "there is a gap in the findings" because "[w]e do not know the maximum time [t]he [plaintiff] could stand and/or walk at one time" (Doc. 16, p. 6).

The plaintiff elaborates (id., p. 7):

> Had the Administrative Law Judge decision indicated that the claimant would be able to stand and/or walk for two hours at a time, although the claimant would not have agreed with this finding,

it would have at least been a sufficient finding to determine that the claimant could perform the jobs identified by the vocational expert. Without knowing how long the claimant could stand/walk at one time, it cannot be known whether the claimant could perform the jobs identified by the vocational expert.

This argument fails because the law judge indicated the plaintiff could stand/walk for two hours at a time. Thus, the law judge expressly found that the plaintiff "can walk/stand for 6 hours in an 8-hour workday with normal breaks" (Tr. 22) (emphasis added). Moreover, in the pertinent hypothetical question to the vocational expert, the law judge amplified what he had in mind when he used the term "normal breaks." Thus, he asked the expert to assume a person who could "stand and/or walk ... [for] six hours in an eight hour work day, with normal and customary work breaks, breaking work activity into two hour increments ..." (Tr. 71, emphasis added). The vocational expert responded (Tr. 72–73):

> [S]uch an individual could perform work such as a Counter Attendant, DOT number 311.477-014. The SVP is 2. The exertional level is light .... A second is a Cashier, II, DOT number 211.462-010. The SVP is 2. The exertional level is light .... A third example is a Sales Attendant, DOT number 299.677-010. The SVP is 2. The exertional level is light .... And that is a representative sample, Your Honor.

The law judge determined, based on this testimony, that the plaintiff was not disabled (Tr. 26), thereby finding that the plaintiff could stand/walk for two hours at a time.

Notably, the term "normal breaks" is commonly understood in the social security disability context as having a work break every two hours. See, e.g., Braithwaite v. Commissioner of Social Security, No. CIV S-09-2922-CMK, 2011 WL 1253395, at *4, n.4 (E.D. Calif.) ("'Normal breaks' occur every two hours during a normal 8-hour work day; one in the morning, lunch, and one in the afternoon."). These circumstances clearly show that the law judge found the plaintiff could perform a range of light exertional work with breaks every two hours. See Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981).

In sum, the law judge's determination of not disabled is based upon the plaintiff's ability to perform representative jobs that do not require the plaintiff to stand/walk for more than two hours at a time. The plaintiff makes no argument, and he certainly does not identify evidence, compelling a more restrictive residual functional capacity. Furthermore, the plaintiff acknowledged that "[h]ad the Administrative Law Judge decision indicated that the claimant would be able to stand and/or walk for two hours at a time,

although the claimant would not have agreed with this finding, it would have at least been a sufficient finding to determine that the claimant could perform the jobs identified by the vocational expert" (Doc. 16, p. 7). That is precisely what the law judge did when he found that the plaintiff "can walk/stand for 6 hours in an 8-hour workday <u>with normal breaks</u>" (Tr. 22) (emphasis added).

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 18th day of May, 2021.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE